This is an appeal under the Contract Disputes Act of 1978, 41 U.S.C. §601 et seq. (Supp. Ill 1979), from a decision of the Armed Services Board of Contract Appeals ("Board”) denying the petitioner an equitable adjustment of $40,019.65. It seeks this amount to cover its additional costs resulting from delay in the performance of its contract, for which it asserts the United States is liable. We affirm the Board.
The contract required the petitioner to install a steam conduit between two buildings. Because steam pipes expand at high heat, a means of thermal expansion is necessary. Although the specifications of the invitation for bids provided for thermal expansion, the contract drawings accompanying the specifications did not indicate where the thermal expansion would be placed.
The petitioner was aware of the need for thermal expansion, but before submitting its bid it did not bring the problem to the government’s attention. After the petitioner was awarded the contract, it advised the government of the situation and the contract was modified to provide for the means of expansion. The petitioner seeks compensation for "extended impact costs for wasted labor, machinery and administrative work” because of delay in delivery to it of the conduit it installed. According to the petitioner, the delay in delivery of the conduit resulted from the need to modify the contract to provide for thermal expansion.
The contracting officer denied the petitioner’s claim for additional compensation, and the Board affirmed. The Board "rest[ed]” its "decision on the fact that the omission of expansion provisions from the drawings, if it was a defect, was obvious and should have been called to the Government’s attention prior to bidding.”
*743 1. The government suggests that the appeal may be untimely. Section 8(g)(1)(A) of that Act, 41 U.S.C. §607(g)(l)(A) (Supp. Ill 1979), permits a contractor to appeal to this court from a "decision” of a board of contract appeals "within one hundred twenty days from the date of receipt of a copy of such decision.” The Board rendered its decision on June 23, 1980. The petitioner filed a timely petition for reconsideration, which the Board denied on August 8, 1980. On August 18, 1980, the petitioner received a copy of the Board’s August 8th decision. One hundred twenty days later, on December 15, 1980, the petitioner filed its appeal.
The government concedes that if the 120-day period for appeal did not begin to run until the petitioner received a copy of the denial of reconsideration, the appeal is timely. It points out, however, that if the filing of the petition for reconsideration did not toll the time for appeal, then the appeal is untimely. The government apparently favors the latter result, although it has not given any convincing reason for the view.
We have recognized that "[t]he general rule is that the period for appeal or review does not begin to run until the disposition of a timely request for reconsideration, rehearing, or new trial, because such a request suspends the finality of the decision pending a ruling on the application.” Dayley v. United States, 169 Ct. Cl. 305, 309 (1965). In B. D. Click Co. v. United States, 225 Ct. Cl. 605 (1980), we applied that rule in holding that the limitations period for seeking review under the Wunderlich Act, 41 U.S.C. §§321, 322 (1976), of an appeals board decision (six years from the date of the decision under 28 U.S.C. §2501 (1976)) begins to run from the date on which the board denied a timely petition for reconsideration and not from the date of the board’s initial decision.
We hold that this rule also governs appeals under the Contract Disputes Act of 1978. In other words, the 120 days for appeal run from the date on which the petitioner receives a copy of the agency’s decision denying a timely petition for reconsideration and not from the date on which it receives the agency’s initial decision. The petitioner’s appeal in this case was timely filed.
*744 2. On the merits, we affirm the Board. The Board’s finding that the petitioner knew of the need for thermal expansion before it bid upon the contract, which the petitioner challenges, is supported by substantial evidence and is not arbitrary or capricious. Under the limited scope of our review under §10(b) of the Contract Disputes Act of 1978, 41 U.S.C. §609(b) (Supp. Ill 1979), of agency findings, that finding is "final and conclusive.” We also agree with the Board that any ambiguity in the contract between the specifications and the drawings regarding thermal expansion was patent, so that the petitioner was required to bring the matter to the government’s attention before signing the contract. Beacon Construction Co. v. United States, 161 Ct. Cl. 1, 7, 314 F.2d 501, 504 (1963). Accordingly, the petitioner is not entitled to recover the alleged additional expenses that it attributes to the alleged ambiguity in the contract over the need to include thermal expansion.
3. Alternatively, the petitioner argues that it is entitled to recover $9,900, to which it contends the government conceded it was entitled. The alleged concession is based upon a "Memorandum of Understanding” between the petitioner and the government’s contracting officer, under which the government agreed to pay that amount to the petitioner in return for various actions by the petitioner, including the withdrawal of the petitioner’s claim before the Board. The proposed settlement, however, concededly was never effectuated.
This argument is not open to the petitioner because it failed to raise the point before the Board. Conrac Corp. v. United States, 214 Ct. Cl. 561, 573, 558 F.2d 994, 1000 (1977); William F. Klingensmith, Inc. v. United States, 205 Ct. Cl. 651, 665, 505 F.2d 1257, 1265-66 (1974). Moreover, the argument is unsound, since offers of payment made in settlement negotiations or documents ordinarily are not admissions of liability. Sternberger v. United States, 185 Ct. Cl. 528, 538, 401 F.2d 1012, 1019 (1968).
The decision of the Armed Services Board of Contract Appeals is affirmed.