**SUMMIT CONTRACTORS, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 180–85C.**

United States Claims Court.

Nov. 28, 1988.

---

Jonathan M. Hoffman, Portland, Or., for plaintiff.

E. Kathleen Shahan, Washington, D.C., with whom was Asst. Atty. Gen. John R. Bolton, for defendant.

## OPINION

FUTEY, Judge.

This contract action is before the court on "Defendant's Motion to Dismiss, or in the alternative, for Summary Judgment." The motion asserts that plaintiff's claim is barred by the statute of limitations pursuant to 41 U.S.C. § 609(a)(3) (1982), of the Contract Disputes Act, which provides for a 12 month period in which to appeal to the Claims Court from a final decision of the contracting officer. Plaintiff avers that the action is timely because the statute of limitations did not begin to run until receipt of the contracting officer's decision upon reconsideration. For the reasons discussed hereinafter, defendant's motion, which this court entertains as a motion to dismiss for lack of jurisdiction pursuant to RUSCC 12(b)(1), is denied.

### Factual Background

Plaintiff, Summit Contractors (Summit), was awarded a timber sale contract with the United States Forest Service on July 16, 1980. The contract contained a provision, whereby the termination date of March 31, 1981, could be adjusted if Summit logged and removed 75% of the total contracted volume of timber before the termination date.

Prior to termination of the contract, plaintiff requested an adjustment of the contract termination date. Plaintiff concedes that at that time only 69% of the total contracted timber had been removed.[1] The complaint asserts that approximately 260,000 board feet of timber had been decked by plaintiff, in preparation for removal, but had not yet been removed. This decked lumber represented an amount which would have more than satisfied the requirements of the provision to adjust the termination date.

On March 20, 1981, defendant refused to adjust the termination date, since Summit had not satisfied the requirements of the provision. Summit thereafter ceased all operations and the Forest Service declared plaintiff in default.

As a result of not completing the job by the termination date, the Forest Service demanded payment from Summit in the amount of $24,259.07, on April 7, 1983. Plaintiff responded in a letter dated April 14, 1983, which denied liability and asserted a counterclaim against the Forest Service for not granting an extension as provided in the contract. Summit received the contracting officer's final decision on March 2, 1984, which held the bill to be due and payable, and denied plaintiff's claim as untimely.

On March 7, 1984, plaintiff requested reconsideration of the contracting officer's final decision. In response, the contracting officer reviewed the record and affirmed the decision on April 12, 1984.[2] Summit received this letter of reconsideration on April 16, 1984.

Plaintiff filed suit in this court on April 1, 1985, appealing the decision of the con-

---

1. Summit claims that the government "interfered with and frustrated plaintiff's ability to remove [the] timber in that it simultaneously contracted with a third party to perform work on the access roads to the sale area." Complaint at p. 2.

2. In pertinent part, the letter stated:

This is in response to your request for reconsideration of my decision dated February 22, 1984.

. . . . .

I have again reviewed the record, and still conclude that I must deny your claim.

tracting officer. Defendant subsequently filed a motion to dismiss asserting that the action is barred by the statute of limitations as set forth in 41 U.S.C. § 609(a)(3) (1982), since more than 12 months elapsed between the contracting officer's final decision and the filing of an action in this court. Due to the nature of the pleadings, this court treats defendant's motion as a motion to dismiss under RUSCC 12(b)(1). Oral argument on this motion was heard on September 23, 1988.

*Discussion*

Plaintiff contends that the contracting officer's final decision, does not constitute a "final decision" for purposes of 41 U.S.C. § 605(a)(1982), of the Contract Disputes Act, because sufficient reasons for denial of the claim were not provided in the decision as required by the Act.

■ Section 605(a) states that a contracting officer "shall state the reasons for the decision reached...." However, "[s]pecific findings of fact are not required...." The contracting officer's final decision reads simply that Summit's "counterclaim is not timely...." A letter from the Director of Timber Management to the Forest Supervisor, attached to the decision, explained at greater length the reasons for denying plaintiff's claim:

> We think the above mentioned counter claim is not timely in this case. This claim was stated over two years after Contract Termination in response to Forest Service billing for damages. Purchaser failed to request a final Contracting Officer decision, as provided in CT9.2 —Disputes (4/79), in response to Forest Service denial of its term adjustment request and thereby permitted the contract to terminate.[3]

Taken together, the final decision and the attached letter set forth the reasons for denial sufficiently to satisfy the requirements of 41 U.S.C. § 605(a).

Additionally, plaintiff asserts that because "[t]his court's jurisdiction is predicated upon exhaustion of all administrative remedies available ... [plaintiff] had not only the right but the obligation to attempt to resolve its claim administratively ..." before filing in this court.[4] Thus, the period in which to file an action in this court did not begin to run until plaintiff received the decision upon reconsideration.

■ Although there are no procedures in the Forest Service regulations or the Contract Disputes Act for reconsideration, "[i]t is a well established principle that an administrative agency may reconsider its own decisions." *United States v. Sioux Tribe*, 222 Ct.Cl. 421, 435, 616 F.2d 485, 493 (1980). The agency may use its discretion in granting reconsideration except in cases where doing so would be a clear abuse. *United States v. Pierce Auto Freight Lines*, 327 U.S. 515, 535, 66 S.Ct. 687, 697, 90 L.Ed. 821 (1946). It is implicit in the agency's decision to reconsider its initial decision that the motion was timely.[5]

■ The reconsideration of the decision by the contracting officer "suspended the finality ..." of the action pending the disposition upon reconsideration. *Dayley v. United States*, 169 Ct.Cl. 305, 309 (1965); *Accord Precision Piping, Inc. v. U.S.*, 230 Ct.Cl. 741, 743 (1982); *B.D. Click v. United States*, 225 Ct.Cl. 605, 607 (1980); *Biddle v. United States*, 186 Ct.Cl. 87, 104 (1968); *Cosmopolitan Mfg. Co. v. United States*, 156 Ct.Cl. 142, 147, 297 F.2d 546, 549 (1962). Only upon the decision on reconsideration did the action become final.

The legitimate use of the agency's power to reconsider its earlier decision must be respected. *See Bookman v. United States*, 197 Ct.Cl. 108, 112, 453 F.2d 1263, 1265 (1972). Similarly, if the contracting officer had overturned the original deci-

---

3. February 1, 1984, letter of Raymond G. Weinmann, to Forest Supervisor, Plumas N.F.

4. Plaintiff's opposition to defendant's motion to dismiss or in the alternative for summary judgment, at p. 2.

5. The contracting officer's final decision was received by plaintiff on March 2, 1984, and the motion for reconsideration was dated March 7, 1984, a span of 5 days.

sion, this court would be bound by such a decision absent any abuse. Therefore, the contracting officer's decision upon reconsideration constituted the "final decision" for purposes of appeal pursuant to the Contracts Disputes Act.[6]

Plaintiff received the contracting officer's letter of reconsideration on April 16, 1984. Summit's appeal was filed in this court on April 1, 1985. 41 U.S.C. § 609(a)(3) specifies that a contractor must file an appeal in the Claims Court within 12 months of receipt of a contracting officer's final decision. Thus, the filing of this action, less than 12 months after receipt of the letter of reconsideration, which this court finds to be the contracting officer's final decision, was timely. Consequently, defendant's argument, that plaintiff's suit is untimely, must fail.

 This court is not persuaded by defendant's argument that by accepting this rule "no objective method would exist for determining when a contracting officer's decision is final...."[7] A claim accrues under the Contract Disputes Act when the contractor receives a final decision from the contracting officer. If, however, the contracting officer reviews the action upon a timely request for reconsideration, the finality of the action is suspended until a decision is reached upon reconsideration.

### Conclusion

Summit's timely request for reconsideration, which was acted upon by the contracting officer, suspended the finality of the action. Thus, the 12 month statute of limitations did not begin to run until plaintiff's receipt of the decision upon reconsideration. Accordingly, defendant's motion to dismiss is hereby denied.

The parties are directed to file a joint status report, within 30 days, indicating further proceedings in this case.

IT IS SO ORDERED.

---

6. This court is aware of cases holding that permissive administrative remedies do not toll the statute of limitations. *See Gregory Lumber Co. v. United States,* 229 Ct.Cl. 762, 763 (1982); *Bonen v. United States,* 229 Ct.Cl. 144, 148, 666 F.2d 536, 539, *cert. denied,* 456 U.S. 991, 102 S.Ct. 2273, 73 L.Ed.2d 1286 (1981); *Eurell v. United States,* 215 Ct.Cl. 273, 276, 566 F.2d 1146, 1148 (1977). However, the issue in the case at bar, is not whether the statute of limitations was tolled, but whether the contracting officer's reconsideration suspended the finality of the decision.

7. Defendant's supplemental brief, at p. 3.