**SUMMIT CONTRACTORS, INC., Plaintiff,**

**v.**

**The UNITED STATES, Defendant.**

**No. 180–85C.**

United States Claims Court.

Nov. 16, 1990.

Jonathan M. Hoffman, Portland, Or., attorney of record for plaintiff. Martin, Bischoff, Templeton, Ericsson & Langslet, of counsel.

E. Kathleen Shahan, Washington, D.C., with whom was Asst. Atty. Gen. Stuart M. Gerson, for defendant. David Cohen, Director, Thomas W. Peterson, Asst. Director, and Williams P. McGinnies, Dept. of Agriculture.

OPINION

FUTEY, Judge.

This government contract case is before the court on "Defendant's Motion to Dismiss Plaintiff's Second and Third Claims, or in the Alternative, Motion for Partial Summary Judgment." Plaintiff, Summit Contractors (Summit), filed a three count complaint with this court, contesting the final decision of a contracting officer (CO) that plaintiff was not entitled to a contract extension and that defendant did not "wrongfully appropriate" timber cut, but not removed, from the timber sale area. Defendant, the Forest Service, United States Department of Agriculture (Forest Service), asserts that the second count of plaintiff's complaint is a claim sounding in tort, rather than contract, over which the court lacks subject matter jurisdiction pursuant to the Tucker Act, 28 U.S.C.

§ 1491(a)(1) (1988). Defendant also contends that plaintiff's failure to exhaust administrative remedies on the third count of the complaint precludes judicial review of that claim by the court. For the reasons discussed hereinafter, defendant's motion for partial summary judgment on plaintiff's second claim is granted and defendant's motion to dismiss plaintiff's third claim for lack of subject matter jurisdiction is granted.

### Factual Background

This case has been the subject of a prior opinion. In *Summit Contractors v. United States*, 15 Cl.Ct. 806 (1988), the court denied defendant's motion to dismiss plaintiff's complaint for lack of jurisdiction under § 10(a)(3) of the Contract Disputes Act of 1978, 41 U.S.C. §§ 601–613 (1988). The court concluded that plaintiff had timely appealed the contracting officer's final decision. A full statement of facts can be gleaned from a reading of this opinion. Consequently, the facts will be supplemented here only where appropriate.

Summit was awarded a timber sale contract by the Forest Service on July 16, 1980. Under the terms of the contract, Summit was required to cut, remove, and purchase certain amounts of timber from the La Porte Ranger District in the Plumas National Forest by March 31, 1981. The contract contained a provision whereby the period of the contract could be extended if Summit logged and removed 75 percent of the estimated contract volume (A2 volume) before the termination date.

Summit requested a contract extension by letter of December 17, 1980. Defendant refused to grant plaintiff a contract extension because the 75 percent requirement had not been met.[1] Summit thereupon ceased harvesting operations and the Forest Service declared plaintiff in default. The Forest Service resold the remaining timber volume under the contract, including the timber which had been felled (cut)

and decked (stacked in an orderly fashion) by Summit. On April 7, 1983, the Forest Service assessed damages against Summit in the amount of $24,259.07, for it's failure to complete the contract by the termination date.

Plaintiff responded to the Forest Service claim by letter of April 14, 1983. Summit denied liability and asserted a counterclaim against the Forest Service for not granting an extension as provided in the contract and for conversion of felled timber. The CO denied Summit's claim as untimely on March 2, 1984. Upon Summit's request for reconsideration, the CO affirmed the previous decision, but denied Summit's claim for conversion upon the alternative ground that title to the felled and decked timber never passed from defendant to plaintiff.

Following the CO's issuance of a final decision, Congress enacted the Federal Timber Contract Payment Modification Act (FTCPMA), 16 U.S.C. § 618 et seq. (1985). The FTCPMA authorized the Secretary of Agriculture to release qualified purchasers from a portion of their timber sales contracts upon payment of a buy-out charge. Purchasers requesting a timber sale buy-out were required to submit applications by September 25, 1985. 36 C.F.R. § 223.171 (1988). Upon receipt of a buy-out application, the Forest Service determined whether the listed contract(s) qualified for a buy-out, the volume to be bought out, and the conditions, if any, to be fulfilled by the purchaser prior to the buy-out. 36 C.F.R. § 223.172(b).

Summit filed a complaint in this court on April 5, 1985, appealing the CO's final decision. Plaintiff's complaint is comprised of three claims. In the first claim of relief, Summit contends that the Forest Service "interfered with and frustrated plaintiff's ability to remove [the] timber in that it simultaneously contracted with a third party to perform work on access roads to the sale area." Summit avers in its second

---

1. Plaintiff concedes that only 69 percent of the A2 volume was removed at the time a contract extension was requested. However, Summit maintains that an additional 260 thousand board feet (MBF) of timber had been cut and

decked in preparation for removal. This timber, if removed, would have satisfied the requirements of the contract provision and would have qualified Summit for a contract extension.

claim that the Forest Service "wrongfully appropriated the timber which plaintiff had cut and sold said timber to a third party." In its third claim, plaintiff alternatively argues that if Summit had in fact defaulted on the contract, the "contracting officer's damages assessment was erroneous because the contract was and is subject to the Federal Timber [Contract] Modification Act of October 16, 1984."

On October 6, 1989, defendant filed an answer to plaintiff's complaint and asserted a counterclaim for damages incurred due to Summit's failure to complete the contract. Defendant additionally filed a motion to notify third party surety, American Motorist Insurance Company, of the pending action. Upon the court's order, defendant notified third party surety on October 16, 1989. To date, American Motorist Insurance Company has failed to respond to this notice. On November 15, 1989, the court entered an order of default against Summit for failing to respond to defendant's counterclaim. Upon plaintiff's motion, the order was set aside and plaintiff's answer to defendant's counterclaim was filed on November 28, 1989.

Summit filed a request with the Forest Service for a buy-out of the contract on September 25, 1985. The court suspended proceedings in this case pending Forest Service consideration of Summit's buy-out application. The Forest Service approved Summit's application on February 14, 1986, and enclosed a revised bill of $4,760.00, representing the buy-out charge for the contract. Summit failed to tender payment to "buy-out" the contract and on July 2, 1986, the Forest Service notified Summit that the contract was rejected from the buy-out program pursuant to 36 C.F.R. § 223.178.

Defendant filed a motion to dismiss on grounds that plaintiff's claim was filed with the court outside the 12–month period of appeal from an adverse final decision of the CO. The court denied defendant's motion on November 28, 1988. *Summit Contractors, supra.* On April 5, 1990, defendant moved this court to dismiss plaintiff's second and third claims for lack of subject matter jurisdiction, or alternatively, for partial summary judgment on these claims. On April 30, 1990, the court allowed plaintiff an additional 60 days to respond to defendant's motion. Despite this extension, plaintiff has failed to respond to defendant's motion.

### Discussion

**A. Jurisdiction Over Plaintiff's Second Claim**

The Tucker Act, 28 U.S.C. § 1491 (1988), grants this court jurisdiction over claims against the United States founded upon:

[A]ny express and implied-in-fact contract with the United States, or for unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).

However, the court has repeatedly asserted jurisdiction over claims based on "tortious breach" of a government contract. In *Olin Jones Sand Co. v. United States*, 225 Ct.Cl. 741 (1980), the Court of Claims stated:

Where ... a claim is based on breach of contract it is properly within the jurisdiction of this court even though it also alleges that defendant engaged in tortious conduct in breaching the contract. In *Fountain v. United States*, 192 Ct.Cl. 495, 427 F.2d 759 (1970), *cert. denied* 404 U.S. 839 [92 S.Ct. 131, 30 L.Ed.2d 73] (1971), we specifically stated that "[i]f contractual relations exist, the fact that an alleged breach is tortious does not foreclose Tucker Act jurisdiction." *Id.* at 498, 427 F.2d at 761.... Insofar as plaintiff's references to defendant's alleged misrepresentations are merely another way of asserting that a breach of contract had occurred, the ... claim is not barred simply because it might also be stated as a tort.

*Id.* at 745.

In determining what constitutes a "tortious breach," the court must, therefore, distinguish between tort claims connected to a contract and tort claims independent of a contract. *Transcountry Packing Co. v. United States*, 215 Ct.Cl. 390, 568 F.2d

1333 (1978); *see also Jeppesen Sanderson, Inc. v. United States*, 19 Cl.Ct. 233 (1990).

■ In the present case, Summit has brought suit against defendant for wrongful appropriation, i.e. conversion, of timber under the contract. In the words of plaintiff's attorney, the claim "is a classic tort claim." [2] However, Summit does not allege in its complaint that the Forest Service's sale of timber covered by the contract to a third party is a tort independent of the contract. On the contrary, plaintiff maintains that the contract conveyed ownership of the timber at issue from defendant to Summit. Plaintiff, therefore, bases this conversion claim on its timber sales contract with defendant. Summit's claim is thus framed as a tort action, but seeks recovery for defendant's allegedly improper termination of the contract. In *Travelers Indem. Co. v. United States*, 16 Cl.Ct. 142 (1988), the government sought dismissal of a performing surety's claim for wrongful conversion of proceeds of a construction contract. The court denied the motion, concluding:

> Clearly, [plaintiff's] claim of wrongful conversion is based on its claimed right to such proceeds as a result of the Takeover Agreement, the performance bond, and the construction contract. Said claim only differs in form, and not in substance, from others contained in the complaint that are based upon breach.

16 Cl.Ct. at 150–51.

As in *Travelers Indem. Co.*, there is a sufficient nexus between the alleged conversion and defendant's contractual obligations to bring Summit's claim within Tucker Act jurisdiction. Since the claim is founded upon a "tortious breach of contract" by defendant, the court concludes that jurisdiction over the second claim of plaintiff's complaint is proper.

### B. *Conversion of Timber*

■ Defendant alternatively argues that, even if the court has jurisdiction over plaintiff's second claim, plaintiff may not

prevail in its conversion claim because it did not own the timber in question.

Summary judgment is appropriate where the pleadings raise no genuine dispute as to any material fact and, as a matter of law, the moving party is entitled to judgment. RUSCC 56; *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509, 91 L.Ed.2d 202 (1986). The moving party bears the burden of establishing an absence of evidence to support the nonmovant's case. *Adickes v. S.H. Kress and Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). The party opposing summary judgment has the burden of showing sufficient evidence, not necessarily admissible, of a genuine issue of material fact in dispute. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Any doubt over factual issues must be resolved in favor of the party opposing summary judgment, *Litton Indus. Prods., Inc. v. Solid State Sys. Corp.*, 755 F.2d 158, 163 (Fed.Cir.1985), to whom the benefit of all presumptions and inferences runs. *H.F. Allen Orchards v. United States*, 749 F.2d 1571, 1574 (Fed.Cir.1984), *cert. denied*, 474 U.S. 818, 106 S.Ct. 64, 88 L.Ed.2d 52 (1985).

To grant summary judgment in the present case, the court must determine, as a matter of law, whether defendant is entitled to a favorable judgment on plaintiff's conversion claim. The court is presented with questions of contract interpretation. The court may rule on such an interpretation as a matter of law. *McKart v. United States*, 395 U.S. 185, 198, 89 S.Ct. 1657, 1665, 23 L.Ed.2d 194 (1969).

A fundamental prerequisite to recovery for tortious conversion is lawful title in the property at issue. *See United States v. North Side Deposit Bank*, 569 F.Supp. 948 (W.D.Pa.1983), citing *Cenna v. United States*, 402 F.2d 168, 170 (3d Cir.1968). Provision B8.11 of the Summit contract provides, in relevant part:

> B.811 *Title Passage*. All right, title, and interest, in and to any Included Timber (timber contained in the sale area designated for cutting) shall remain in Forest

---

**2.** Defendant's motion, App. p. 20.

Service until it has been cut, Scaled, removed from the Sale Area or other authorized cutting area and paid for, at which time title shall vest in the Purchaser.

\* \* \* \* \* \*

Title to any Included Timber which has been cut, Scaled and paid for, but not removed from Sale Area or other authorized cutting area by Purchaser on or prior to Termination Date, shall remain in Forest Service.

It is undisputed that the timber which Summit claims was "wrongfully appropriated" by the Forest Service was cut, decked, but not removed before the contract was terminated. Therefore, title to decked timber remaining in the sale area after the termination date did not pass to Summit. *See Seaboard Lumber Co. v. United States,* 19 Cl.Ct. 310, 319 (1990). Since Summit did not have a legal property interest in the resold timber, no claim for conversion can ensue. The court, therefore, grants defendant's motion for summary judgment on plaintiff's second claim.

## C. *FTCPMA and Exhaustion of Administrative Remedies*

■ The Forest Service officially approved Summit's buy-out application on February 14, 1986,[3] and calculated a buy-out charge for the contract. The buy-out cost was determined by the assistant regional forester for timber management, a forest officer. Summit never contested the forest officer's determination, but failed to pay the buy-out charge assessed under the contract. The Forest Service subsequently rejected the contract from the FTCPMA buy-out program on July 2, 1986, for non-compliance with buy-out requirements. This decision was also made by the assistant regional forester for timber management.

Pursuant to FTCPMA regulations, Forest Service administrative decisions under the buy-out program are subject to administrative review under 36 C.F.R. § 223.182

(1988). Section 211.18 provides that forest officer decisions are subject to various levels of appeal. Under § 211.18(f)(1)(iii), decisions of a regional forester are appealed to the Chief of the Forest Service. Appeal decisions made by the Chief are then subject to discretionary review by the Secretary of Agriculture. 36 C.F.R. § 211.18(f)(2)–(3). If the Secretary of Agriculture fails to exercise his discretionary review, the Chief's decision becomes the final administrative determination of the Department of Agriculture. 36 C.F.R. § 211.18(2)–(6); *Pine Products Corp. v. United States,* 19 Cl.Ct. 691, 694 n. 6 (1990).

A plaintiff must exhaust available administrative remedies on a claim before bringing suit in this court. *Tipperary Refining Co. v. United States,* 11 Cl.Ct. 572, *aff'd,* 833 F.2d 301 (Fed.Cir.1987), *cert. denied, Demenno Kerdoon v. United States.* 486 U.S. 1006, 108 S.Ct. 1729, 100 L.Ed.2d 194 (1988). Summit contends in its third claim that the contract should be included in the FTCPMA buy-out program. Summit is, therefore, challenging the assistant regional forester's rejection of the contract from the buy-out program. This FTCPMA administrative determination is subject to administrative review and does not constitute a final administrative determination of the Department of Agriculture until the levels of appeal set forth in 36 C.F.R. § 211.18(f)(2)–(6) have been exhausted. Summit's failure to exhaust administrative remedies under applicable Forest Service regulations precludes judicial review of the claim. The court, therefore, concludes that Summit's third claim must be dismissed for lack of jurisdiction.

### *Conclusion*

For the foregoing reasons, the court grants defendant's motion for partial summary judgment on plaintiff's second claim for conversion of timber under the contract. The court further grants defendant's motion to dismiss plaintiff's third

---

**3.** Summit requested a buy-out for several timber sale contracts, including the Sawmill Tom contract. The Forest Service conditionally approved Summit's application on November 6, 1985, subject to a favorable determination on various affiliation questions.

claim, without prejudice, for failure to exhaust administrative remedies. The parties shall file a joint status report, within 60 days, indicating further proceedings in this case.