# United States Court of Appeals for the Federal Circuit

_____

**GUARDIAN ANGELS MEDICAL SERVICE DOGS, INC.,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

_____

2015-5058

_____

Appeal from the United States Court of Federal Claims in No. 1:14-cv-00020-MCW, Judge Mary Ellen Coster Williams.

_____

Decided: January 8, 2016

_____

JOSEPH A. DAVIDOW, Willis & Davidow, LLC, Naples, FL, argued for appellant.

ROBERT C. BIGLER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for appellee. Also represented by DEBORAH A. BYNUM, ROBERT E. KIRSCHMAN, JR., BENJAMIN C. MIZER.

_____

Before REYNA, MAYER, and CHEN, *Circuit Judges.*

MAYER, *Circuit Judge*.

Guardian Angels Medical Service Dogs, Inc. ("Guardian Angels") appeals a final judgment of the United States Court of Federal Claims dismissing its claim as time-barred. *Guardian Angels Med. Serv. Dogs, Inc. v. United States*, 118 Fed. Cl. 87, 88 (2014) ("*Trial Court Decision*"). We reverse and remand.

## I. BACKGROUND

Guardian Angels entered into a firm fixed-price blanket purchase agreement, Contract No. VA248-BP-0218 ("BPA 218"), with the Department of Veterans Affairs ("VA") on June 26, 2011. Pursuant to this agreement, Guardian Angels agreed to furnish service dogs trained to meet the needs of disabled veterans and to provide health insurance for the dogs it supplied. On August 5, 2011, the parties executed a modification to BPA 218 which required Guardian Angels to provide an increased number of service dogs.

Approximately one year later, the contracting officer sent Guardian Angels an email stating that "some questions ha[d] been raised" about its performance under the contract. On August 31, 2012, the contracting officer sent Guardian Angels a notice terminating BPA 218 for default and suspending any open delivery orders issued under the contract. The default termination notice informed Guardian Angels that it had the right to appeal the termination under the disputes clause of the parties' contract. This disputes clause incorporated by reference Federal Acquisition Regulation ("FAR") 52.233-1, a lengthy provision which states, among other things, that "[t]his contract is subject to 41 U.S.C. chapter 71," and that a "Contracting Officer's decision shall be final unless the Contractor appeals or files a suit as provided in 41 U.S.C. chapter 71." 48 C.F.R. § 52.233-1(a), (f).

On December 21, 2012, Guardian Angels sent a letter to Dr. Sunil Sen-Gupta, an official at the VA's Rehabilitation Research & Development Service. In this letter, Guardian Angels argued that it had fulfilled its duties under BPA 218 and that the default termination should be converted to a termination for the convenience of the government. On February 28, 2013, Guardian Angels sent a letter to the contracting officer, stating that it was making a "formal demand against the [VA]" and that it "materially disagree[d]" with the decision to terminate BPA 218 for default. Guardian Angels further asserted that because BPA 218 should have been terminated for convenience rather than cause, it was entitled to be paid "a percentage of the contract price reflecting the percentage of work performed prior to the notice of termination, plus reasonable charges that have resulted and will continue to result from the termination."

On March 21, 2013, the contracting officer sent Guardian Angels a letter stating that she had received the claim that it had submitted on February 28, 2013, but that she could not "reasonably evaluate or respond to [that] claim due to the lack of supporting documentation provided with the claim." The contracting officer directed Guardian Angels to "provide all expense documentation" supporting its claim at its "earliest convenience," and explained that once the VA had received this documentation it could "proceed with a review of the material and provide a response as required by the [FAR]."

Guardian Angels then began compiling documentation supporting its claim. On May 3, 2013, however, the contracting officer sent Guardian Angels another letter, stating that she had not yet received the documentation she had requested in her March 2013 letter and that she had not reconsidered, and would not reconsider, her August 2012 default termination decision. The contracting officer advised Guardian Angels that it had "the right

to appeal [the default termination] decision at the U.S. Court of Federal Claims pursuant to 41 U.S.C. § 7104(b)."

On January 7, 2014, Guardian Angels brought suit in the Court of Federal Claims. In its complaint, it alleged that it had fulfilled its contractual obligations under BPA 218 and that the contract should have been terminated for convenience rather than cause. Guardian Angels sought damages of $1,046,474.30, asserting that it was entitled to be paid for work performed under the contract prior to the notice of termination and to be compensated for the "reasonable charges" resulting from that termination.

On August 29, 2014, the Court of Federal Claims dismissed Guardian Angels' complaint for lack of jurisdiction. In the court's view, Guardian Angels' claim was time-barred because it "failed to file its complaint within 12 months of receiving the Contracting Officer's August 31, 2012 decision to terminate the contract for default." *Trial Court Decision*, 118 Fed. Cl. at 90. In rejecting Guardian Angels' argument that it was required to file a written claim with the contracting officer prior to filing suit, the court explained that a default termination is a government claim which is "immediately appealable." *Id.* at 91. The court found no merit in Guardian Angels' assertion that the formal dispute letter it sent to the contracting officer in February 2013 extended the statutory appeal period, concluding that this contention was premised on a "fundamental misunderstanding of the nature of a termination for default under the procedural regime established by the Contract Disputes Act." *Id.*

On September 18, 2014, Guardian Angels filed a motion for reconsideration. It argued that the Court of Federal Claims erred in dismissing its complaint as untimely because it was not until it received the contracting officer's May 3, 2013 letter that its "rights . . . were terminated, thereby triggering the twelve (12) month

statute of limitations under [41 U.S.C. § 7104(b)(3)]." The trial court rejected this argument. *See Guardian Angels Med. Serv. Dogs, Inc. v. United State*s, 120 Fed. Cl. 8, 9–10 (2015) ("*Reconsideration Decision*"). The court determined that Guardian Angels' February 2013 formal dispute letter qualified as a request for reconsideration of the contracting officer's August 2012 decision to terminate BPA 218 for default. *Id.* at 10. It further acknowledged that, under certain circumstances, "a request for reconsideration of a contracting officer's final decision may toll the statute of limitations." *Id.* The court concluded, however, that because the contracting officer "spent no time reviewing" Guardian Angels' request for reconsideration, that request did not suspend the running of the twelve-month appeal period. *Id.* According to the court, because the contracting officer "did not reconsider her decision, the statute of limitations was never tolled, and the appeal period expired 12 months after [Guardian Angels] received the Contracting Officer's August 31, 2012 decision to terminate for default." *Id.*

Guardian Angels then appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3). While we review the legal conclusions of the Court of Federal Claims de novo, we review its factual findings for clear error. *Sikorsky Aircraft Corp. v. United States*, 773 F.3d 1315, 1322 (Fed. Cir. 2014); *Raytheon Co. v. United States*, 747 F.3d 1341, 1348 (Fed. Cir. 2014).

## II. DISCUSSION

### A. The Requirement of a Final Decision from the Contracting Officer

Under the Contract Disputes Act ("CDA"), a contractor has the option of appealing a contracting officer's decision either to the appropriate board of contract appeals or the Court of Federal Claims. *See* 41 U.S.C. § 7104. Regardless of which forum a contractor elects, however, only final contracting officer decisions may be

appealed. *See M. Maropakis Carpentry, Inc. v. United States*, 609 F.3d 1323, 1327 (Fed. Cir. 2010) (emphasizing that the Court of Federal Claims' authority to adjudicate a CDA claim "requires both a valid claim and a contracting officer's final decision on that claim"); *James M. Ellett Constr. Co. v. United States*, 93 F.3d 1537, 1541 (Fed. Cir. 1996) (explaining that the CDA extends to "actions brought on claims within twelve months of a contracting officer's final decision"); *Reflectone, Inc. v. Dalton*, 60 F.3d 1572, 1573 (Fed. Cir. 1995) (en banc) ("Board jurisdiction is grounded in the CDA which authorizes Board review only of a contracting officer's final decision on a 'claim.'"). Accordingly, although a termination for default is deemed to be a government, rather than a contractor, claim, *see Malone v. United States*, 849 F.2d 1441, 1443–44, *modified on other grounds*, 857 F.2d 787 (Fed. Cir. 1988), the linchpin for the start of the statutory appeal period is a final decision by a contracting officer terminating a contract for cause. *See Placeway Constr. Corp. v. United States*, 920 F.2d 903, 906 (Fed. Cir. 1990) ("Generally, exhaustion of administrative remedies should occur before a case is ripe for judicial review."); *see also Pathman Constr. Co. v. United States*, 817 F.2d 1573, 1579 (Fed. Cir. 1987) ("Compelling the contractor to file suit at what may be a relatively early stage of its negotiations and discussions with the contracting officer is likely to impede the free exchange of vital information between the contractor and the contracting officer that is necessary for a settlement.").

Resolution of the present appeal turns on when the contracting officer issued a final decision terminating BPA 218 for default. The government argues that the contracting officer's August 2012 default termination notice was a final decision, and that Guardian Angels' claim is time-barred because it failed to file suit within twelve months of receiving that notice. *See* 41 U.S.C. § 7104(b)(3) (requiring a contractor to bring suit in the

Court of Federal Claims "within 12 months from the date of receipt of a contracting officer's decision"). The government does not dispute that Guardian Angels had the right to seek reconsideration of the contracting officer's August 2012 default termination decision. *See Tokyo Kikai Seisakusho, Ltd. v. United States*, 529 F.3d 1352, 1360 (Fed. Cir. 2008) ("The power to reconsider is inherent in the power to decide. . . . For this reason, the courts have uniformly concluded that administrative agencies possess inherent authority to reconsider their decisions, subject to certain limitations, regardless of whether they possess explicit statutory authority to do so."); *Dayley v. United States*, 169 Ct. Cl. 305, 308 (1965) ("[U]nless there is legislation to the contrary it is the inherent right of every tribunal to reconsider its own decisions within a short period after the making of the decision and before an appeal has been taken or other rights vested."); *see also Summit Contractors v. United States*, 15 Cl. Ct. 806, 808 (1988) (explaining that although the CDA does not explicitly provide for reconsideration of a contracting officer's decision, it is firmly established that "an administrative agency may reconsider its own decisions" (citations and internal quotation marks omitted)). It argues, however, that because the contracting officer "did not spend any time considering [Guardian Angels'] request for reconsideration," that request did not abrogate the finality of the August 2012 default termination notice or suspend the running of the twelve-month limitations period.

We disagree with the government. Under the facts of this case, we hold that whether the contracting officer "spends time" considering the request is not the proper standard. On February 28, 2013, Guardian Angels sent a letter to the contracting officer requesting reconsideration of her August 2012 default termination decision and asserting that BPA 218 should have been terminated for

convenience rather than cause.* In response, the contracting officer, in a letter dated March 21, 2013, directed Guardian Angels to provide documentation supporting its claim at its "earliest convenience" and stated that she would then "proceed with a review of the material and provide a response as required by the [FAR]." J.A. 71. If the August 2012 termination for default had been a final and irrevocable decision, there would have been no reason for the contracting officer to request—or agree to evaluate—additional documentation supporting Guardian Angels' claim that BPA 218 should have been terminated for the convenience of the government. *See, e.g.*, *Crippen & Graen Corp. v. United States*, 18 Cl. Ct. 237, 240 (1989) (concluding that a government demand letter seeking the return of unliquidated progress payments was not a final contracting officer decision because "[t]he clear intent of the letter was to allow the contracting officer to gather and consider all relevant information concerning the dispute in rendering a final decision"); *Summit Contractors*, 15 Cl. Ct. at 807 (concluding that the finality of a decision was suspended where the contracting officer

---

\* Although we can imagine letters from a contractor to a contracting officer that would not provide sufficient information and therefore could not be properly characterized as a complete request for reconsideration, the government does not challenge the trial court's determination that Guardian Angels' February 2013 letter qualified as a valid request for reconsideration of the contracting officer's August 2012 default termination decision. *See Reconsideration Decision*, 120 Fed. Cl. at 10 ("Because the Contracting Officer had to reverse the default termination to provide [Guardian Angels] its requested relief on reconsideration, [its] February 28, 2013 letter qualifies as a request for reconsideration."). Nor does the government object to the timeliness of Guardian Angels' request for reconsideration.

"reviewed the record" in response to a contractor's request for reconsideration, notwithstanding the fact that the contracting officer ultimately affirmed his original termination decision); *Devi Plaza, LLC v. Dep't of Agric.*, CBCA No. 1239, 09-1 BCA ¶ 34033 (2008) (concluding that there was no "final decision" and that the appeal period did not commence where a contracting officer "indicated that he was willing to continue a meaningful and productive dialogue" with the contractor after issuing the decision); *Nachtmann Analytical Labs.*, ASBCA No. 35037, 88-1 BCA ¶ 20229 (1987) (explaining that where a contracting officer issues a default termination notice but, in response to a contractor's request for reconsideration, undertakes a "review of the facts surrounding the default termination," the finality of the original termination decision is vitiated); *Johnson Controls, Inc.*, ASBCA No. 28340, 83-2 BCA ¶ 16,915 (1983) (concluding that a contracting officer's initial decision was "not truly final" where he subsequently granted the contractor an audience to discuss the "merits" of that decision and did not "make it very clear" that the original appeal period was running).

The situation here parallels that presented in *Roscoe-Ajax Construction Co. v. United States*, 458 F.2d 55 (Ct. Cl. 1972). There, a contracting officer issued a decision adverse to the contractor, but subsequently agreed to meet with the contractor to "discuss and consider the problem further." *Id.* at 61. Although the contracting officer ultimately declined to modify his original decision, the United States Court of Claims, one of our predecessor courts, held that his willingness to meet with the contractor to discuss his original decision "served to keep the matter open and necessarily destroyed any finality [the original] decision theretofore had." *Id.* at 63. The court explained that "[t]he Contracting Officer's agreement to meet for further discussions of the disputed subject would have been meaningless unless the purpose was to give [the contractor] further opportunity to be heard, and if

persuaded as to the correctness of [the contractor's] position, to change his position." *Id.* (citations and internal quotation marks omitted).

A similar analysis applies here. The contracting officer's decision, in March 2013, to obtain and review additional documentation on the question of whether BPA 218 should have been terminated for convenience rather than cause "served to keep the matter open," *id.*, and vitiated the finality of her original default termination notice. An agency decision will be deemed final only if it "mark[s] the consummation of the agency's decisionmaking process." *Bennett v. Spear*, 520 U.S. 154, 178 (1997) (citations and internal quotation marks omitted). Because the contracting officer's March 2013 letter evinced a clear willingness to consider additional evidence, it was reasonable for Guardian Angels to conclude that the VA had not yet made any definitive determination on whether to terminate BPA 218 for default and that the twelve-month statutory appeal period therefore had not yet begun to run. *See Zomord Co.*, ASBCA No. 59065, 14-1 BCA ¶ 35626 (2014) (explaining that the limitations period does not begin to run if a contractor "present[s] evidence showing that it reasonably could have concluded that the [contracting officer's] decision was being reconsidered"); *Royal Int'l Builders Co.*, ASBCA No. 42637, 92-1 BCA ¶ 24684 (1992) ("While receipt by the contracting officer of a request for reconsideration of a decision in itself does not serve to vacate a decision or the period in which to appeal, reconsideration of a decision by the contracting officer or *creation of a reasonable appearance that the decision is being reconsidered* both serve to vacate the earlier decision along with the accompanying appeal period." (emphasis added)). This is particularly true given that the August 2012 default termination notice did

not explicitly state that the time period for appeal began to run on the date it was issued.**

The fact that in May 2013 the contracting officer reversed course—sending a letter to Guardian Angels stating that she had not yet received the additional documentation she had requested and that she had not reconsidered and would not reconsider her original default termination decision—does not alter this result. In evaluating whether the August 2012 default termination notice qualified as a final contracting officer decision sufficient to trigger the twelve-month statutory appeal period, our focus must be on the contracting officer's actions, not on her own after-the-fact characterization of those actions. *See ICC v. Bhd. of Locomotive Eng'rs*, 482 U.S. 270, 281 (1987) ("*Locomotive Eng'rs*") (explaining that it is an agency's "action, rather than its discussion, that is dispositive"); *VWP of Am., Inc. v. United States*, 163 F. Supp. 2d 645, 655 (Ct. Int'l Trade 2001) ("Actions speak louder than words . . . . In the case of inconsistency, conduct controls."). Although the contracting officer stated in May 2013 that she had not reconsidered her August 2012 default termination decision, this statement cannot override or erase the fact that in March 2013 she

---

** The August 2012 default termination notice did inform Guardian Angels that it had the right to appeal as provided in the disputes clause of BPA 218. J.A. 67. This disputes clause incorporated by reference FAR 52.233-1, which provides that "[t]he Contracting Officer's decision shall be final unless the Contractor appeals or files a suit as provided in 41 U.S.C. chapter 71." Significantly, however, FAR 52.233-1 does not address the issue of whether a contractor's timely request for reconsideration vitiates the finality of a contracting officer's original decision or extends the time deadline for challenging that decision in the Court of Federal Claims.

agreed to review and respond to additional evidence on the question of whether BPA 218 should have been terminated for convenience. *See Vepco of Sarasota, Inc. v. United States*, 26 Cl. Ct. 639, 645 (1992), *aff'd without opinion,* 6 F.3d 786 (Fed. Cir. 1993) (concluding that the fact that the contracting officer unequivocally stated that he did not reconsider his original decision was not determinative on the question of whether the finality of that decision was suspended); *see also* Ralph C. Nash & John Cibinic, *Reconsideration of Final Decisions: It's Not Over Until It's Over*, 3 No. 2 Nash & Cibinic Rep. ¶ 13 (1989) (explaining that if a contracting officer wishes to avoid a determination that a decision has been reconsidered he or she "should refrain from any discussions, negotiations, review of documents or other actions which could be considered to be a *de facto* reconsideration"). The contracting officer's March 2013 letter vitiated the finality of her August 2012 default termination notice and it was not until May 2013—when she unequivocally denied Guardian Angels' request for reconsideration—that the VA issued a final decision terminating BPA 218 for cause. *See Dayley*, 169 Ct. Cl. at 309 ("The general rule is that the period for appeal or review does not begin to run until the disposition of a timely request for reconsideration, rehearing, or new trial, because such a request suspends the finality of the decision pending a ruling on the application."); *see also B.D. Click Co. v. United States*, 225 Ct. Cl. 605, 607 (1980). Because Guardian Angels submitted its complaint to the Court of Federal Claims within twelve months of the VA's May 2013 final decision, its suit was timely filed.

## B. The Effect of a Motion for Reconsideration

In many situations, a timely request for reconsideration is sufficient to render an agency decision non-final and thereby suspend the running of the appeal period. *See, e.g.*, *Locomotive Eng'rs*, 482 U.S. at 284–85 (explaining that under the Hobbs Act, 28 U.S.C. § 2344, a petition

for administrative reconsideration stays the running of the limitations period until the petition has been acted upon by the agency); *Clifton Power Corp. v. FERC*, 294 F.3d 108, 110 (D.C. Cir. 2002) ("A request for administrative reconsideration renders an agency's otherwise final action non-final with respect to the requesting party."); *V.I. Conservation Soc'y, Inc. v. Virgin Is. Bd. of Land Use Appeals*, 881 F.2d 28, 31 (3d Cir. 1989) ("We think that the federal law is clear that a pending petition for agency reconsideration, timely filed, renders the underlying agency action nonfinal and thus nonreviewable with respect to the filing party.  Thus, the statute of limitations for judicial review is tolled until the agency decides the petition for reconsideration."); *see also United States v. Dieter*, 429 U.S. 6, 8 (1976) (noting "that the consistent practice in civil and criminal cases alike has been to treat timely petitions for rehearing as rendering the original judgment nonfinal for purposes of appeal for as long as the petition is pending").  Indeed, although the Administrative Procedure Act specifically states that "agency action otherwise final is final for the purposes of this section whether or not there has been presented . . . an application for . . . any form of reconsideration," 5 U.S.C. § 704, the Supreme Court has made clear that this language serves "merely to relieve parties from the *requirement* of petitioning for rehearing before seeking judicial review . . . but not to prevent petitions for reconsideration that are actually filed from rendering the orders under reconsideration nonfinal." *Locomotive Eng'rs*, 482 U.S. at 284–85; *see also Am. Farm Lines v. Black Ball Freight Serv.*, 397 U.S. 532, 541 (1970).

Here, however, we need not—and therefore do not—decide whether under section 7104(b)(3) a request for reconsideration vitiates the finality of a contracting officer's decision only if the contracting officer actually "spends time" considering that request.  For example, we do not hold, at this point, that all communications from a

contracting officer after receipt of a request for reconsideration will be sufficient to evince the necessary willingness to entertain the request for reconsideration. Given this recognition, we do not address the question of whether, in the absence of any indication that the contracting officer is open to reconsidering, the finality of the original decision may be suspended if the contracting officer nevertheless "spends time" considering the request. *See Reconsideration Decision*, 120 Fed. Cl. at 10; *Arono, Inc. v. United States*, 49 Fed. Cl. 544, 550 (2001) ("[A] reaffirmation of a final [contracting officer's] decision does not, *per se,* constitute reconsideration of that decision. Instead, it is the amount of time, if any, a contracting officer spends reviewing a [contractor's] request for reconsideration that suspends the finality of the decision regardless of whether that decision is ultimately reconsidered or reversed."). Rather, we hold only that because the contracting officer agreed in March 2013 to obtain and evaluate additional evidence on the question of whether BPA 218 should have been terminated for convenience rather than cause, her August 2012 default termination notice was not a final decision sufficient to trigger the twelve-month statutory appeal period. Thus, the twelve-month statutory appeal period did not begin to run until the contracting officer rejected Guardian Angels' request for reconsideration on May 3, 2013.

Nor need we decide whether compliance with the twelve-month filing period set out in section 7104(b)(3) is a jurisdictional requirement. The Supreme Court in recent years has repeatedly emphasized that "filing deadlines ordinarily are not jurisdictional." *Sebelius v. Auburn Reg'l Med. Ctr.*, 133 S. Ct. 817, 825 (2013); *see United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1632 (2015) ("[T]he Government must clear a high bar to establish that a statute of limitations is jurisdictional."); *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 439–42 (2010) (concluding that the 120-day deadline for

filing a notice of appeal with the United States Court of Appeals for Veterans Claims is a claim-processing rule rather than a jurisdictional requirement). Accordingly, we held in *Sikorsky* that the failure to comply with 41 U.S.C. § 7103(a)(4)(A), which requires a claim related to a government contract to be submitted within six years of the date it accrues, does not create a jurisdictional bar. 773 F.3d at 1322 (explaining that section 7103(a)(4)(A) "does not have any special characteristic that would warrant making an exception to the general rule that filing deadlines are not jurisdictional"). Here, however, the dispositive issue is not whether the twelve-month appeal period set out in section 7104(b)(3) is a jurisdictional prerequisite, but instead when that appeal period begins to run. *See Stone v. INS*, 514 U.S. 386, 395 (1995) (explaining that "[f]inality is the antecedent question" in assessing the timeliness of an appeal).

### III. CONCLUSION

Accordingly, the judgment of the United States Court of Federal Claims is reversed and the case is remanded for further proceedings consistent with this opinion.

**REVERSED AND REMANDED**

COSTS

No costs.