ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Appeal of -- | ) | |
| | ) | |
| Godwin Corporation | ) | ASBCA No. 61410 |
| | ) | |
| Under Contract No. FA3010-15-C-0024 | ) | |

APPEARANCE FOR THE APPELLANT:     A. Jeff Ifrah, Esq.
                                  Ifrah Law
                                  Washington, DC

APPEARANCES FOR THE GOVERNMENT:   Jeffrey P. Hildebrant, Esq.
                                    Air Force Deputy Chief Trial Attorney
                                  Christopher S. Cole, Esq.
                                  Col C. Taylor Smith, USAF
                                    Trial Attorneys

OPINION BY ADMINISTRATIVE JUDGE MELNICK
ON THE GOVERNMENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

The government moves to dismiss this appeal for lack of jurisdiction, asserting that appellant failed to file its appeal within 90 days of receipt of a notice of partial termination of its contract. We grant the government's motion.

STATEMENT OF FACTS FOR PURPOSES OF THE MOTION

1. The Department of the Air Force (government) awarded this contract to Godwin Corporation (appellant) on 24 September 2015, to supply a mental health technician, a clinical child psychologist, and a child psychiatrist to perform services at Keesler Medical Center, Keesler Air Force Base, Mississippi (R4, tab 1).

2. The contract incorporated by reference FAR 52.212-4, CONTRACT TERMS AND CONDITIONS – COMMERCIAL ITEMS (MAY 2015), which stated in relevant part that "[f]ailure of the parties to this contract to reach agreement on any request for equitable adjustment, claim, appeal or action arising under or relating to this contract shall be a dispute to be resolved in accordance with the clause at FAR 52.233-1, Disputes" (R4, tab 1 at 22). FAR 52.233-1(f), DISPUTES (MAY 2014), stated that "[t]he Contracting Officer's decision shall be final unless the Contractor appeals or files a suit as provided in 41 U.S.C. chapter 71."

3. By letter dated 19 September 2016, the contracting officer (CO) issued a contracting officer's final decision (COFD) to appellant partially terminating the

contract for cause due to appellant's failure to fill the child psychiatrist position. The final decision stated that appellant had the right to appeal under the contract's disputes clause. (Compl. ¶ 42; R4, tab 29) Appellant does not deny that it received the decision by 22 September 2016 (app. opp'n at 9).

4. The government issued Modification No. P00003 (the modification) on 22 September 2016. The modification terminated the contract line item numbers relating to the child psychiatrist position and referenced the COFD. (R4, tab 4) The government sent a copy of the modification to appellant via email on 22 September 2016 (R4, tab 30 at 1).

5. In a series of emails dated between 13 February 2017 and 7 March 2017, counsel for appellant contacted the government in an attempt to obtain relief from the partial termination for default (R4, tab 47). Appellant alleges that during a 9 March 2017 teleconference, the CO represented that he would review any additional evidence submitted by counsel for appellant (compl. ¶ 47). On 20 and 21 March 2017, counsel for appellant submitted additional evidence to the CO (R4, tabs 48-54).

6. On 8 November 2017, the contract assessing official finalized his evaluation of appellant using the Contractor Performance Assessment Reporting System (CPARS).[*] He gave appellant marginal ratings for quality, schedule, and cost control, and a satisfactory rating for regulatory compliance. (R4, tab 79 at 4-6)

7. On 8 November 2017, the contract reviewing official concurred with the assessing official's evaluation (R4, tab 79 at 6-7).

8. On 16 November 2017, appellant filed a notice of appeal with this Board, appealing "the decision of the contracting officer dated November 8, 2017...denying its claim for a conversion to a termination for convenience" (R4, tab 79 at 2).

## DECISION

Although appellant's notice of appeal states that it is appealing the denial of its claim for a conversion to a termination for convenience, this appeal actually concerns the government's decision to partially terminate the contract for cause.

In moving to dismiss for lack of jurisdiction, the government argues that appellant's 16 November 2017 appeal was not timely because appellant failed to file it within 90 days of the 19 September 2016 COFD, which partially terminated the contract for cause (gov't mot. at 1). The Contracts Disputes Act provides that "[a]

---

[*] CPARS is an agency's internal characterization of a contractor's performance. It does not affect a contractor's rights with respect to the type of termination it receives.

contractor, within 90 days from the date of receipt of a contracting officer's decision under section 7103 of this title, may appeal the decision to an agency board." 41 U.S.C. § 7104(a). This 90-day appeal period is statutory, strictly construed and cannot be waived. *Cosmic Construction Co. v. United States*, 697 F.2d 1389, 1390-91 (Fed. Cir. 1982). Using 22 September 2016 as the receipt date, appellant had until 21 December 2016 to file a timely appeal.

Appellant argues that the partial termination decision was vitiated of finality when the CO agreed to accept appellant's additional evidence and reconsider the termination decision. Appellant contends that the 90-day clock started to run when the government published the CPARS on 8 November 2017. (App. br. at 10-11)

"The power to reconsider is inherent in the power to decide. For this reason, the courts have uniformly concluded that administrative agencies possess inherent authority to reconsider their decisions, subject to certain limitations, regardless of whether they possess explicit statutory authority to do so." *Tokyo Kikai Seisakusho, Ltd. v. United States*, 529 F.3d 1352, 1360 (Fed. Cir. 2008) (citation and quote omitted).

This Board has repeatedly found the test for vitiation of finality "is whether the contractor presented evidence showing it reasonably or objectively could have concluded the CO's decision was being reconsidered." *Sach Sinha and Associates, Inc.*, ASBCA No. 46916, 95-1 BCA ¶ 27,499 at 137,042. In *Shafi Nasimi Construction and Logistics Company*, ASBCA No. 59916, 16-1 BCA ¶ 36,215 at 176,697, we noted that "[t]he focus is upon the action of the government during the appeal period, i.e., whether any government action could have reasonably led a contractor to believe that the subject matter was not yet final, thereby making an appeal to the board unnecessary." There we found no vitiation of finality where there was no such evidence of government conduct during the 90-day appeal period, but where months later the CO sent a number of emails reflecting his willingness to consider a settlement. *Id.*

Similarly, in the present appeal, there is no evidence of any government action during the 90-day appeal period to this Board that could have reasonably led appellant to believe that the subject matter was not yet final. Appellant argues that the CO's 9 March 2017 alleged agreement to review additional evidence vitiated the finality of the decision. However, because the 90-day appeal window to this Board had already expired at the time that the CO allegedly made this representation, it could not have had any effect on appellant's understanding of finality during the appeal period.

Appellant asserts that because the CO's agreement to review additional evidence occurred within the 12-month period in which appellant could bring an action in the United States Court of Federal Claims pursuant to 41 U.S.C. § 7104(b)(3), it

3

served to vitiate the decision until the CPARS was published on 8 November 2017. Appellant relies primarily on the ruling in *Guardian Angels Med. Serv. Dogs, Inc. v. United States*, 809 F.3d 1244 (Fed. Cir. 2016).

In *Guardian Angels*, the court found vitiation where within 12 months of issuing a default termination notice, the CO agreed to review additional documentation in response to a request for conversion to a termination for convenience. However, the court's decision in *Guardian Angels* was based on the 12-month period in which appellant could bring an action in federal court. It does not apply to the 90-day appeal period to this Board.

## CONCLUSION

Based on the foregoing, appellant's appeal was not timely filed; thus the Board does not have jurisdiction over the appeal. Accordingly, the government's motion is granted, and the appeal is dismissed for lack of jurisdiction.

Dated: June 12, 2018

MARK A. MELNICK
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

4

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 61410, Appeal of Godwin Corporation, rendered in conformance with the Board's Charter.

Dated:

<div style="margin-left:50%">

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

</div>