ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Appeal of -- | ) | |
| | ) | |
| Long Wave, Inc. | ) | ASBCA No. 61483 |
| | ) | |
| Under Contract No. N00604-13-C-3002 | ) | |

APPEARANCES FOR THE APPELLANT:      Stephen D. Knight, Esq.
     Sean K. Griffin, Esq.
      Smith Pachter McWhorter PLC
      Tysons Corner, VA

APPEARANCES FOR THE GOVERNMENT:    Craig D. Jensen, Esq.
      Navy Chief Trial Attorney
     Richard W. Carlile, Esq.
     Melissa Martin, Esq.
      Trial Attorneys
      NAVSUP Fleet Logistics Center
      Pearl Harbor, HI

### OPINION BY ADMINISTRATIVE JUDGE O'CONNELL ON THE GOVERNMENT'S MOTION TO DISMISS

Appellant, Long Wave, Inc. (Long Wave) seeks additional payments related to vacation pay, wage increases, and severance pay on a contract with the Navy. The government moves to dismiss, contending that the appeal is untimely and does not relate to or arise under an agreement for which we possess jurisdiction. We deny the motion.

### STATEMENT OF FACTS FOR PURPOSES OF THE MOTION

The following facts are undisputed or represent our findings for purposes of the present motion based upon our review of the Rule 4 file.

On November 28, 2012, the Navy awarded Long Wave the above-referenced contract for firm-fixed-price operation and maintenance services for a communication facility in Dixon, California (*see generally* R4, tab 2; gov't mot. ¶ 1; app. opp'n ¶ 1).

In 2015, the Navy re-solicited the work and awarded the contract to another bidder, giving rise to the present dispute (R4, tab 3 at 1, tab 4 at 1-2).

On January 23, 2017, Ms. Johnson wrote to Ms. Kirkwood, with a copy to CO Craft, stating that the government's legal counsel had approved the supporting documentation and that she had informed "the customer" that she needed funds to pay the claim. She stated that when she received the funds, she would "build and process the modification." (R4, tab 36 at 3)

On January 25, 2017, Ms. Kirkwood wrote to Ms. Johnson with a copy to CO Craft, asking the government to confirm that the amount of $139,791.93 "is agreeable." Ms. Johnson replied later that day with a copy to CO Craft, stating: "Yes, I verified with your supporting documents, and this amount $139,791.93, looks agreeable." (App. supp. R4, tab 94 at 1)

For the next three months the parties were in regular communication and, based on the contract specialist's statements in a series of emails, resolution of the matter always seemed to be just around the corner (R4, tabs 37-40). For example, on Tuesday, April 4, 2017, Ms. Johnson wrote to Ms. Kirkwood, with a copy to CO Craft, stating:

> I do apologize, but we just received the funding last week
> Friday 31 March 2017. I attached a copy of the acceptance
> letter so that you can see the approval date.... I am making
> it my top priority this week to process this modification. I
> plan to get the mod to you by Friday.

(R4, tab 37 at 1)

The first sign of a major problem came on May 11, 2017, when Ms. Johnson informed Ms. Kirkwood that "our legal counsel found out some new information" about vacation pay. She stated that the Navy had decided to halt processing that portion of the claim but it would continue with the severance pay and CBA wage increase issues. (R4, tab 41 at 1)

On June 7, 2017, a different contract specialist, Robert Dunn, informed Long Wave that the Navy would not pay general and administrative, overhead, or profit on the CBA wage adjustments (R4, tab 43 at 1).

On August 7, 2017, Long Wave submitted a certified claim to the contracting officer and requested a final decision.[1] Long Wave contended that its June 2016 claim had been "resolved," citing Ms. Johnson's January 25, 2017 email, and requested that the contracting officer "stand by [the agreement] and enforce it." (R4, tab 1 at 3-4)

---

[1] The Navy identifies the submission date as August 14, 2017 (gov't mot. at 5-6) but this need not be resolved at the moment.

3

On October 13, 2017, Ms. Johnson wrote to Long Wave (with a copy to CO Craft) stating that the contracting officer's final decision from September 2016 "has not changed" and that "we do not consider your second claim submission to be a new claim because it has already been addressed by the COFD" (R4, tab 55 at 2).

On October 24, 2017, CO Craft wrote to Long Wave concerning the vacation pay issue. He acknowledged that he had agreed the previous November that the Navy could pay Long Wave for the vacation pay, but he stated that the Navy had been "presented" with "information...that suggested that the vacation amount" had already been paid to Long Wave during the contract. (R4, tab 58 at 1-2)

CO Craft wrote to Long Wave again on December 6, 2017, stating that "[a]s it stands today," the Navy planned to issue a contract modification paying Long Wave $23,790.65 for severance pay and $32,000.69 for CBA wage increases for a total of $55,791.34 (R4, tab 67).

CO Craft did not issue a final decision on Long Wave's August 7, 2017 certified claim and on January 11, 2018, Long Wave appealed to the Board based on a deemed denial.

## DECISION

The government makes two contentions in its motion to dismiss: 1) that the purported settlement of the original claim did not result in a contract for which we possess jurisdiction; and 2) that the appeal is untimely. We consider these in turn.

*Jurisdiction of the Board*

In a motion to dismiss for lack of jurisdiction, we accept as true uncontroverted factual allegations. Facts underlying the jurisdictional allegations are subject to fact-finding based upon our review of the record. *L-3 Communications Integrated Systems, L.P.*, ASBCA Nos. 60713, 60716, 17-1 BCA ¶ 36,865 at 179,625. When a factual dispute involves an element of the claim, this is a matter that goes to the merits and is not determined by the Board at the preliminary stage. *Id.* (citing *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)).

The Contract Disputes Act (CDA) provides that the Board may "decide any appeal from a decision of a contracting officer of...the Department of the Navy...relative to a contract made by" the Navy. 41 U.S.C. § 7105(e)(1)(A). The Court of Appeals for the Federal Circuit has held that an appellant "need only allege the existence of a contract to establish the Board's jurisdiction under the CDA 'relative to' an express or implied contract with an executive agency." *Engage Learning, Inc. v. Salazar*, 660 F.3d 1346, 1353 (Fed. Cir. 2011).

4

To prevail on the merits, a party alleging a contract with the government must show a mutual intent to contract (including an offer, an acceptance, and consideration), that the government representative who entered or ratified the agreement had actual authority to bind the United States, and that the government breached the contract. *Trauma Service Group v. United States*, 104 F.3d 1321, 1325 (Fed. Cir. 1997) (citing *City of El Centro v. United States*, 922 F.2d 816, 820 (Fed. Cir. 1990)); *see Engage Learning*, 660 F.3d at 1351. A failure to plead these elements would result in a failure to state a claim, not a lack of jurisdiction.

In *Engage Learning*, the Federal Circuit reversed a decision of the Civilian Board of Contract Appeals in which that Board dismissed an appeal for lack of subject matter jurisdiction. The Civilian Board's dismissal was based, in part, upon its determination that the purchase order at issue had not been amended to add the disputed work. In addition, the Board had held that appellant failed to show that the government employee who ordered the work had actual authority to do so. *Engage Learning*, 660 F.3d at 1351-52.

The Federal Circuit observed that it was undisputed that the parties had entered into a contract, that appellant had submitted a claim to the contracting officer,[2] and that the contracting officer had denied the claim. Accordingly, it held that "Engage's appeal to the Board on this claim undoubtedly met the jurisdictional requirements of" the CDA. *Engage Learning*, 660 F.3d at 1354. The Court held that whether or not the contract was in fact modified to include the disputed work was not a jurisdictional question but was rather a decision on the merits. *Id.* at 1355 (citing *Bell v. Hood*, 327 U.S. 678, 682 (1946)).

Similar to *Engage Learning*, there is no dispute in the present matter that the parties entered into an express written contract[3] or that Long Wave submitted a (second) certified claim in August 2017 and requested a final decision from the contracting officer. It is also undisputed that Long Wave filed an appeal based on a deemed denial of that claim after the government informed it that the contracting officer did not intend to issue a final decision. The government has not alleged that Long Wave's claim failed to provide adequate notice of the basis or amount of the claim.

---

[2] The Federal Circuit has also held that for court or Board jurisdiction the contractor must submit a "proper claim" in writing that contains: (1) adequate notice of the basis and amount of the claim; and (2) a request for a final decision. *M. Maropakis Carpentry, Inc. v. United States*, 609 F.3d 1323, 1328 (Fed. Cir. 2010). These requirements do not appear to have been at issue in *Engage*.

[3] To be clear, Long Wave's complaint alleges that the government's failure to pay the $139,791.93 allegedly agreed to constituted a breach of the original 2012 contract, not that it was a breach of a separate oral contract with Ms. Johnson or the contracting officer. Whether or not breaking the alleged 2017 agreement is a breach of the 2012 contract is a merits decision.

Instead, the government in its motion to dismiss takes square aim at the contractual elements identified in *Trauma Service*. The government contends that we lack jurisdiction because: 1) acceptance must be accomplished through a signed SF 30, which did not occur; 2) the agreement lacks consideration for the government; and 3) Ms. Johnson, the contract specialist who informed Long Wave that the proposed $139,791.93 "looks agreeable" lacked authority to bind the government. (Gov't supp. br. at 7-12)

The Federal Circuit rejected the government's contentions in *Engage Learning* that the lack of a signed writing and the lack of a contracting officer's warrant from the person who ordered the work deprived the Board of jurisdiction because these contentions go to the merits. *Engage Learning*, 660 F.3d at 1354-55. We are bound by the Court's holding in this appeal with respect to the lack of a signed SF 30 and the lack of a warrant. Similarly, we must also reject the government's contention that the agreement lacked consideration because it is also a merits argument.

In sum, the government's motion is jurisdictional in name only. Just as in *Engage Learning*, questions such as whether emails between the contract specialist and Long Wave actually modified the contract will have to wait for another day to be resolved.[4]

*Timeliness of the Appeal*

The contracting officer issued his decision on Long Wave's original claim on September 12, 2016. The CDA provides that a contractor must file an appeal of a final decision at the Board within 90 days of receipt of that decision. 41 U.S.C. § 7104(a). Because Long Wave filed a notice of appeal on January 11, 2018, the Navy contends the appeal was late by more than a year (gov't mot. at 10).

The Navy acknowledges that Long Wave submitted a second certified claim on August 7, 2017, but it regards that claim as a mere subterfuge to evade the 90-day appeal time limit. It states "[i]n an attempt to revive its statutorily precluded claim, on August 14, 2017, Long Wave filed a repetitious claim concerning the same cause of action as Long Wave's June 23, 2016 claim." (Gov't mot. at 11)

---

[4] The Board requested supplemental briefs from the parties on a line of cases including *SCM Corp. v. United States*, 595 F.2d 595 (Ct. Cl. 1979). In these decisions, the Federal Circuit and its predecessor court examined factual situations that have some similarity to the present matter, namely, those in which the parties appeared to settle a dispute but one party reneged before signing the modification. After reviewing the briefs, we agree with appellant that *Engage Learning* controls and that the *SCM Corp.* line of cases should be considered as part of our merits determination.

We disagree. Based on our review of the second claim, the notice of appeal, and the complaint, we do not see any indication that Long Wave seeks the Board's review of the merits of the original claim.[5] Rather, the only issues the second claim and this appeal raise are whether the government breached the contract by refusing to effectuate the settlement or breached the covenant of good faith and fair dealing by not abiding by the terms of the purported agreement (*see* compl. ¶¶ 35, 37). The enforceability of the purported settlement is a distinct legal issue from the merits of the original claim. Because the contracting officer never issued a final decision on the second claim, Long Wave's appeal is timely under 41 U.S.C. § 7103(f)(5).

## CONCLUSION

The government's motion to dismiss is denied.

Dated: September 24, 2018

MICHAEL N. O'CONNELL
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

---

[5] Thus, we do not see any indication that Long Wave is attempting to appeal the September 2016 final decision, nor do we see any contention by Long Wave that such an appeal was timely because it was within 90 days after the contracting officer concluded reconsideration of the claim. *See Guardian Angels Medical Service Dogs, Inc. v. United States*, 809 F.3d 1244 (Fed. Cir. 2016).

7

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 61483, Appeal of Long Wave, Inc., rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

8